JUDGMENT ENTRY.
This Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
We overrule the appellant's fourth and fifth assignments of error upon our determination that the common pleas court properly declined to entertain the appellant's petition for postconviction relief. The petition represented the appellant's second attempt to secure relief under R.C. 2953.21 et seq., and the appellant filed the petition well after the filing date set by R.C.2953.21(A)(2). Thus, R.C. 2953.23 precluded the common pleas court from entertaining the appellant's tardy and successive petition, when the appellant neither demonstrated that he had been unavoidably prevented from discovering the facts upon which his petition depended nor predicated his claims upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the filing of his first petition.
We also overrule the appellant's first and second assignments of error. The appellant was not entitled to discovery to develop his postconviction claims or to experts to aid in that discovery, when his petition was subject to dismissal under R.C.2953.23.[1]
Finally, we overrule the appellant's third assignment of error upon our determination that the common pleas court properly declined to declare the postconviction statutes unconstitutional. R.C. 2953.23 does not violate the Supremacy Clause of the United States Constitution, the doctrine of separation of powers embodied in the federal or state constitution, or the "due course of law" or "open courts" provisions of Section 16, Article I of the Ohio Constitution.[2] And R.C. 2953.21 conforms with the dictates of due process as guaranteed under the Fifth, Sixth,Eighth, and Fourteenth Amendments to the United States Constitution.[3]
We, therefore, affirm the judgment of the court below.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] See State v. Bies, 1st Dist. No. C-020306, 2003-Ohio-442, appeal not allowed, 99 Ohio St.3d 1413, 2003-Ohio-2454,788 N.E.2d 648.
[2] Id.
[3] Id.